is appointed counsel for this appeal pursuant to the Criminal Justice Act. The first issue I want to address, because I think it's a briefer issue, is the knowing and voluntary waiver of the claim, and it's linked to Ms. Kaufman's claims of ineffective assistance of counsel. Quite briefly, the argument is this. Ms. Kaufman creates a clear record, not that she didn't fight the career offender enhancement, but that she failed to notify the client that that constituted a potentially good appellate issue because of the California safety codes overbreadth, which is the thrust of my argument. She, and this goes to ineffective, had good knowledge that on a regular basis, the district attorney's office in Nevada would concede that statute as being overbroad for limited purposes, and it's clearly prejudicial to the client because of the amount of time that that ultimately ends up adding to his sentence. This is a substantial sentence, and if you simply look at his criminal history score and offense conduct without the career offender, it's a reasonable range of 84 to 105 months. So the issue isn't that he didn't know that or she didn't fight it, but that she allowed him to waive that right on appeal without ever advising him of that. However, she said in open court that, at the time of the plea, that she didn't know whether or not this was a career offender or not, which certainly indicates that it was an open question in her mind. And why isn't that good enough to suggest that there might have been an appeal on it? Well, and again, my argument isn't that there – this individual was not aware that there was a factual argument about whether or not he was a career offender. My contention for why Ms. Coffman was ineffective is because she allowed him to waive any determination as to the career – any appealability of the determination on the career offender. But if he was informed that there might have been an issue and he waived the appeal, then it was a knowing and voluntary appeal – waiver of the appeal. So what's the problem? The problem is I don't believe that there's any reason that he was advised that there was a potential that this statute could be considered overbroad, which is a different argument than being advised that you may have some factual issue to fight out with the court and you're giving that up. She may have said, look, you have a factual issue to resolve with the court. The court can decide what to do. Under the career offender statute, we're going to make our arguments, the government is going to make theirs, and whatever happens, happens. Now, that decision on the factual issue is subject to a different standard than what you have a good argument over the overbreadth. Counsel, if we kind of cut to the chase, it's very clear that this conviction would qualify as a – and entitle him to be sentenced as a career criminal. So what's the harm? I'm sorry. The instant conviction would qualify? Would qualify. Yes. It does qualify. I don't think there's any doubt about that. So what's the harm? Well, I think the harm is that the – I guess I'm not conceding that it would absolutely qualify. I think there's some discussion about the prior convictions. But I guess the harm is this defendant didn't have the opportunity to consider whatever appellate arguments he would have in relation to that charge. Or, I'm sorry, that plea. Is there any authority for the proposition that in order to waive an appeal, the client has to know every ground on which he might have appealed as opposed to be very clear about the fact that he is waiving any ground he might have? And hasn't been misinformed. I mean, I think if you had record that he'd been misinformed, it would be one thing. If he wasn't misinformed and he was informed that any ground he might have he's waiving, why isn't that enough? I don't – I cannot cite authority that supports that position. I can fall back, I guess, on the definition of the ineffective. And I know that I don't mean to muddle these two points up, but I think it's important to understand that the fundamental premise of signing a plea agreement is that you understand what you're giving up. And, you know, the Court's very careful to say, well, you've had a chance to read this and you understand this. And I think it's clear that he understood he had a chance to make a factual argument on this issue. I don't think it's clear he had any ability or was ever informed that he may have an appeal over the overbreadth of the California statute. But also, that isn't even what she said. What she said was, I'm not conceding that this is a career offender. He shouldn't say why. And especially to a layperson, why would it matter why? I mean, all he knows is that there may well be an issue about whether he's a career offender, and he's giving it up. Well, we – you know, and I guess in a way I have to – this goes to supporting the government's position that a better record with respect to that limited issue needs to be developed. I don't think we can just say, well, you give up one right, you give them all. They're different rights. There's a right to argue this at the district court, which a district court proceeding under one standard of review is a whole different right than an appellate court review at a different standard. And the standard is, did Ms. Kaufman's advice with respect to that fall below professional judgment? The reason that becomes part of the standard is because that goes into what the client knew or didn't know. She didn't tell him anything was wrong, right? She didn't assure him of anything that was incorrect. I have – I'm not going to fight with you on – with that, Your Honor. Okay. She didn't tell him anything was wrong. But she also didn't bother to advise him what his opportunities were to make something right. I think the other thing that's disturbing about this whole problem and the argument is that we have accepted the fact that you can waive your appeal, for example, with regard to sentencing, even though the sentencing hasn't happened yet. Well, obviously you don't know what issues you have because it hasn't happened yet. If it has – if we are going to allow that, which I must say is a little mysterious to me, then I don't see how we can't allow this. I mean, here at least he had some clue as to what his issue was. If instead he had gotten into sentencing and something had happened that was quite untoward, but nonetheless he had already waived his appeal, we would enforce that. We have done it many times. Well, maybe you should enforce it. That's the law and I'm not arguing with it. Part of the job as counsel for these folks is to identify as many of these issues as possible and explain them to them. Now, when you say, well, something – anything can happen at appeal, I agree with you. But if a lawyer should see something that could be an issue at appeal or an issue at sentencing that may have an appellate issue involved with it and doesn't, and doesn't inform his client or her client of what the ramifications are of that, the question isn't what happens at appeal and who knows what could happen at appeal. The question is, is there any objective basis for that attorney's level of professionalism? I'm using the wrong words. I apologize. But did that attorney do his or her job? And did the failure to do his or her job prejudice the client? Counsel. Yes, Your Honor. Tell me what issues there are that would entitle him to not be a career criminal. I think there is certainly a discussion to be had over the overbreadth of the California safety statute. The Armstrong decision out of California suggests that one can be convicted of that statute for purchasing something without the intent to sell. And the whole point of the sentencing guideline application is, is this conduct that qualifies within the Federal system? That wouldn't. So that possibility is there. I suggest that takes us to a modified categorical approach. And one last point. Well, you do concede, then, that if the statute is not overbroad, that he falls within it. Do you concede that? I think I have to. I think the law says, yeah, unfortunately, the law says if it's categorical, you're out of luck. I would like to reserve my remaining minute. Thank you very much. Thank you, Your Honors. Counsel. May it please the Court, counsel. Good morning, lady. Good morning, Your Honors. Ray Gatineau on behalf of the government in this case. I'm an assistant United States attorney from the District of Nevada. Your Honor, the defendant in this case clearly waived his right to appeal this issue. And the waiver was knowing and voluntary. Specifically, when we look to the plea agreement in this case, it specifically says that the defendant waives his right to appeal any sentence that is imposed within the applicable sentencing guideline range as determined by the court. And in this case, the court determined that the applicable sentencing guideline range was that the defendant was, in fact, a career offender. And that would place him at a base level of 34, minus 3 for acceptance of responsibility, which placed him at a level 31. Furthermore, it is clear that all of the parties in this case were aware of this career offender provision and that issue. I will point out to the court that this case came before this court and was reversed in a previous proceeding because the district court, I believe, failed to properly follow the Rule 11 plea colloquy. A PSR was prepared back then. I believe it would have been in 2000. And in that PSR, the defendant was found to be a career offender. In the current PSR that was prepared or revised, should I say, again he was found to be a career offender. So all parties were very clear that the defendant, that there was a good likelihood that the defendant would be, in fact, considered a career offender. I will also point out that the plea agreement itself contemplated that, as it states that it appears that the defendant is a career or may be a career offender. What defense counsel did in this case is she left open the possibility to argue to the district court that he was not a career offender. And she did fully litigate that issue. And it was not until after the district court ruled against her and found the defendant to be a career offender did she state on the record, Your Honor, I was ineffective. So I will point that out to the court. There was a question by one of Your Honors with regard to, I think I should bring this to the Court's attention. I guess about three weeks ago, this Court came out with an opinion, Moreno-Hernandez, which stated that a limited remand for sentencing purposes was necessary in all pre-Booker cases that were on direct appeal, and that is the case in this particular case. It is a pre-Booker case. The district court did believe that guidelines were mandatory at the time that he did sentence the defendant. So that's a separate issue. First, the government's position is that he did waive the right to appeal this issue. And with regard to whether or not the predicate offense, state offense, that would be 11351.5 of the California Health and Safety Code, when we look at the categorical approach in this case, it is clear that all of the elements in that offense, particularly as interpreted by the California Supreme Court, do fall within the career offender statute. The California Supreme or California courts have always, when interpreting this statute, have required that the defendants have knowledge, dominion and control of the controlled substance before they can be convicted of this offense. So using the categorical approach, Your Honor, this offense does fall within the controlled substance's definition as outlined in the career offender statute. Counsel, I think we have a recent case on the Booker issue saying that if you waive your right to appeal, you're not going to get a Booker remand. Are you aware of that case? No. I don't have the name in my head, but I've seen the case. No, I am not, Your Honor. And I believe she has. Okay. Thank you. Thank you very much. Again, just very briefly in conclusion. Yes. Were you aware of a case not too long ago called United States v. Geronimo in this Court which dealt with somewhat similar issues regarding the waiver of the right to appeal where the client was misinformed? I wrote a dissent in that case, which is why I know it well, with regard to his career offender status. I am not. I apologize, Your Honor. I'm not familiar with that decision. Okay. I sort of fought with Your Honors a little bit, and I wanted to clear this up. I think that if you're telling me or that we accept as law the proposition that there is no possible challenge to the categorical approach, that this Court may be correct, that then there isn't harm, because I don't see a way to fight that. But if that's not the case, which I think is our situation, then the issue becomes not that you didn't fight it, but that Ms. Coffman didn't inform him of the potential to challenge that on appeal. Thank you very much. Thank you, counsel. It's a useful argument. The case of United States v. Pena is submitted.
judges: B. Fletcher, Gibson, Berzon